BEFORE THE THIRD DIVISION, SEPTEMBER 14, 1965

No. 69539.—Rocca-Cuvi, Inc. v. United States, protests 289750–K, etc. (Laredo).

DONLON, Judge: The collector at Laredo liquidated entries of peanuts, subject of these protests, during the months of July, August, and September 1955. The protests were filed with the collector in March 1956.

Plaintiff moved in open court to dismiss the protests on the ground that they were prematurely filed, citing United States v. C. O. Mason, Inc., et al., 51 CCPA 107, C.A.D. 844, certiorari denied, 379 U.S. 999. The protests were consolidated for purposes of this motion. Decision on the motion was reserved, pending the filing of briefs.

Plaintiff moved that the record in United States v. The Best Foods, Inc., 51 CCPA 1, C.A.D. 827, be incorporated. At defendant's request, the presiding judge reserved decision also on that motion. In its brief, defendant addressed no arguments to the motion to incorporate. It is granted, for the limited purpose of action on plaintiff's motion to dismiss the protests.

In the Mason case, supra, cited by plaintiff in support of its motion, the court held protests to be premature which had been filed under liquidations that were held void because the statute, pursuant to which the collector liquiddated, was unconstitutional.

The final judgment order in the incorporated case does not hold the liquidation of peanuts, such as the entries of these protests, to have been improper or unlawful, let alone void. The decision of this court was that the Executive had failed to follow procedure established by the Congress. The decision was not that the legislation was unconstitutional. The decision was appealed. The order entered by the appeals court recited a stipulation of counsel for a compromise settlement of the protest claim, and said:

> On this stipulation, and without any consideration as to the correctness [emphasis added] of the judgment of the court below on the record before it, the judgment of the United States Customs Court is modified [emphasis copied] to the extent of providing that the protest be sustained as to fifty percent of the merchandise covered thereby and be dismissed as to the balance of the merchandise and the cause is remanded for further proceedings in accordance with said stipulation. [United States v. The Best Foods, Inc., 51 CCPA 1, 2, C.A.D. 827.]

This is the law of the case. There was no consideration by our appeals court and there has been no judgment as to the "correctness" of the liquidations here

protested. It is idle to speculate what plaintiff's rights might be, had these liquidations been made under an unconstitutional statute, as in *Mason, supra*, for that is not the situation.

Plaintiff's motion to dismiss the protests as being prematurely filed is denied. Defendant has requested the court to dismiss the protests as being filed too late. This is not a motion.

On our own motion, the protests are dismissed. Judgment will be entered accordingly.